**Affirmed as Modified and Opinion Filed March 27, 2015**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-00648-CR

### OSVALDO LEIJA-BALDERAS, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 363rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F13-32837-W**

## MEMORANDUM OPINION

Before Justices Francis, Lang-Miers, and Whitehill
Opinion by Justice Whitehill

Osvaldo Leija-Balderas waived a jury and pleaded guilty to aggravated sexual assault of a child younger than fourteen years. After finding appellant guilty, the trial court assessed punishment at twenty-two years' imprisonment. In two issues, appellant contends the trial court's judgment should be modified to reflect the correct statute for the offense and the correct age of the complainant at the time of the offense. The State agrees the judgment should be modified to show the correct statute, but disagrees that the age of the complainant should be modified. We modify the trial court's judgment and affirm as modified.

Regarding appellant's first issue, the trial court's judgment does incorrectly identify the statute for the offense as "21.02 Penal Code," which is the statute for continuous sexual abuse of a child. Appellant pleaded guilty to and was found guilty of aggravated sexual assault of a child younger than fourteen years under section 22.021 of the Texas Penal Code. *See* TEX. PENAL CODE ANN. § 22.021(a)(1)(B) (West Supp. 2014). We sustain appellant's first issue.

As to appellant's second issue, although the record shows appellant was indicted for continuous sexual abuse of a child, he pleaded guilty to the lesser-included offense of aggravated sexual assault of a child younger than fourteen years. The indictment alleged the offense occurred on or about September 1, 2007. During the February 12, 2014 hearing following appellant's guilty plea, the complainant testified that she was sixteen years old. She further testified that appellant began "touching" her in "inappropriate ways" when she was four years old, and the last time he "touched" her was when she was fourteen years old. The complainant further testified the sexual contacts occurred "pretty much every single day."

The trial court's judgment recites that the "age of the victim at the time of the offense was 5 years." However, as noted above, appellant pleaded guilty to and was found guilty of aggravated sexual assault of a child younger than fourteen years. We sustain appellant's second issue.

We modify the trial court's judgment as follows: (1) the statute for the offense is "22.021(a)(1)(B) Penal Code," and (2) the age of the victim at the time of the offense was under the age of fourteen. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd).

As modified, we affirm the trial court's judgment.  We order the trial court to enter an amended judgment reflecting these modifications.


Do Not Publish
TEX. R. APP. P. 47
140648F.U05


/Bill Whitehill/
BILL WHITEHILL
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

OSVALDO LEIJA-BALDERAS,
Appellant

No. 05-14-00648-CR     V.

THE STATE OF TEXAS, Appellee

Appeal from the 363rd Judicial District
Court of Dallas County, Texas (Tr.Ct.No.
F13-32837-W).
Opinion delivered by Justice Whitehill,
Justices Francis and Lang-Miers
participating.

Based on the Court's opinion of this date, the trial court's judgment is **MODIFIED** as follows:

The section entitled "Statute for Offense" is modified to show "22.021(a)(1)(B) Penal Code."

The section entitled "The age of the victim" is modified to show "The age of the victim at the time of the offense was younger than fourteen years."

As modified, we **AFFIRM** the trial court's judgment. We **ORDER** the trial court to enter an amended judgment reflecting these modifications.

Judgment entered March 27, 2015.